IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATA TOMLINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:15-cv-01105-EFM-KGG |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO AMEND ANSWER**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") offers this memorandum in support of its motion pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave of Court to file an Amended Answer to the Complaint of Plaintiff Lata Tomlinson ("Plaintiff"). Ocwen seeks leave to file an Amended Answer to assert an affirmative defense for *res judicata* and/or collateral estoppel based upon facts discovered after the filing of Ocwen's original Answer to the Complaint on December 17, 2015.

The Court should grant Ocwen leave to file its Amended Answer, attached as Exhibit A, because leave is freely granted under Rule 15, because the affirmative defense concerns the same transaction and occurrence that gave rise to the Complaint, and because the amendment of Ocwen's Answer to assert an additional affirmative defense will not prejudice any party or delay the case.

The Court should grant Ocwen leave to file the Amended Answer.

**I.  FACTUAL BACKGROUND**

This case is the latest in a series of disputes arising from Plaintiff's default under a note and mortgage.

On March 9, 2015, filed a petition in the District Court of Sedgwick County, Kansas (the "Petition"). On April 7, 2015, Ocwen removed the matter to the United States District Court for the District of Kansas.

The Petition alleges that Plaintiff purchased the subject property (the "Property") in 2006 via financing from an entity not a party to this litigation. (Petition, ¶ 6.) U.S. Bank commenced a mortgage foreclosure suit against Plaintiff on June 27, 2012 (Sedgwick County Kansas District Court Case No. 12 CV 2233). (Petition, ¶ 7.) Plaintiff alleges that Ocwen sent her loan modification offers in June and July 2012. (Petition, ¶ 9.) On August 6, 2012, U.S. Bank took Plaintiff's default in the foreclosure suit. (Petition, ¶ 8.)[1]

During April 2013 through June 2013, Plaintiff alleges that she and Ocwen discussed a "Shared Appreciation Modification Offer" (the "Offer"). (Petition, ¶¶ 11-13, Ex. 2.) She alleges that to accept the offer, "all [she] had to do" was to return the Offer and pay $782.45 before July 1, 2013. (Petition, ¶ 14.) She alleges she also had to pay another $782.45 before August 1, 2013 as a trial payment. (Petition, ¶ 14.) The Petition alleges that Plaintiff completed the Offer and returned it to Ocwen with a $782.45 payment "in June 2013" and that she submitted a second payment of $782.45 "in August 2013." (Petition, ¶ 15.) She further alleges that "[a]ccording to the Agreement, the modification should have gone into effect upon the completion of the trial period" (Petition, ¶ 16) but, instead, the Property was sold to U.S. Bank at a sheriff's sale on September 25, 2013 (Petition, ¶ 17).

---

[1] Judgment was entered against Plaintiff on August 6, 2012. Plaintiff engaged in extended motion practice throughout 2012 and 2013, including a two motions to set aside the judgment and a December 11, 2013 motion to extend the redemption period. Her motions were all denied and she appealed on December 20, 2013. The Kansas Court of Appeals affirmed the judgment in its entirety. *U.S. Bank, N.A. v. Tomlinson*, 333 P.3d 204 (2014). Plaintiff sought review of the Court of Appeals' opinion from the Kansas Supreme Court, but it denied her petition on August 20, 2015.

1233132.1

Ocwen's investigation confirms that it never received either the alleged first trial payment of $782.45 or the second payment of $782.45. Indeed, Ocwen never received any payments from Plaintiff in connection with the Offer.

Ocwen filed a motion to dismiss the Petition. Following the Court's ruling on Ocwen's motion, the only remaining claims are two causes under the Kansas Consumer Protection Act (the "KCPA") which concern deceptive conduct relating to the Offer and alleged unconscionable inducement to participate in the transaction. Neither of these claims has merit because Plaintiff never made any payments necessary to accept the Offer.

Ocwen filed its original Answer to the Complaint on December 17, 2015.

On August 29, 2016, Ocwen deposed Plaintiff about her claims in the Complaint and specifically about Plaintiff's claims that she complied with the requirements of the Offer. Plaintiff admitted during her deposition that she understood at that time that if she did not comply with the terms of the modification agreement attached to the Offer, Ocwen could commence or resume foreclosure proceedings. *See* Transcript of the August 29, 2016 Deposition of Lata Tomlinson, at 118:4-8, attached as Exhibit B. Plaintiff further admitted that she understood at that time that if she did not make the first trial payment or second payment, the modification would not be effective. *Id*. at 118:19-22. Plaintiff also testified that Ocwen completed foreclosure proceedings of the Loan (*Id.* at 122:3-5; 123:3:6) and that she had been "fighting" the foreclosure process for "[t]wo to three years" before it was completed (*Id.* at 133:12-14). Plaintiff's own allegations confirm that the Property was sold at a foreclosure sale in September 2013 (Petition, ¶ 17), and the Kansas Court of Appeals' decision in her appeal *U.S. Bank, N.A. v. Tomlinson*, 333 P.3d 204 (2014) demonstrates that Plaintiff continued to litigate the foreclosure after the sale through December 2013 when she appealed the foreclosure judgment.

3

Plaintiff's deposition took place nearly eight months after Ocwen filed its original Answer to the Complaint on December 17, 2015.

## II.     ARGUMENT

There are three reasons why the Court should grant Ocwen leave to file its Amended Answer to assert an affirmative defense to Plaintiff's claims. First, Rule 15 provides that leave should be freely granted for the amendment of pleadings. Second, the facts that give rise to the Amended Answer were only discovered by Ocwen after the filing of its original Answer. Third, there will no prejudice or delay if leave is granted.

### A.     Leave to Amend Pleadings Should be Granted Freely Under Rule 15.

Rule 15 provides that where, as here, a party has filed an answer, the party must seek leave to amend the answer. However, "leave shall be freely given when justice so requires." *See* Rule 15. The determination of whether leave should be granted is a matter within the trial court's discretion, but generally, leave to amend should be denied only upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or the futility of the proposed amendment. *See Kaul v. Stephan*, 828 F. Supp. 1504, 1514 (D. Kan. 1993) (citing *Castleglen, Inc. v. RTC*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

None of those concerns are present here. Although Ocwen filed its original Answer in December 2015, Plaintiff was not deposed until August 2016, and that was the first time that Plaintiff made admissions that support the proposed affirmative defense of *res judicata*/collateral estoppel. The Pretrial Order has yet to be entered; therefore, seeking leave to amend now does not constitute "undue delay." In addition, there is no indication of bad faith or dilatory motive; nor is there a failure to cure deficiencies by amendments previously allowed because none has

been sought.  Accordingly, Plaintiff will not be prejudiced by the filing of Ocwen's Amended Answer.  Therefore, Court should grant Ocwen's Motion.

**B.** **Ocwen Discovered The Relevant Information After Filing Its Original Answer.**

The Court should allow Ocwen leave to file the Amended Answer because Ocwen acted promptly to bring its affirmative defense for *res judicata*/collateral estoppel.

Ocwen seeks this leave based on Plaintiff's admissions in her August 29, 2016 deposition that if she did not comply with the requirements to accept the Offer, Ocwen could proceed and complete the foreclosure.  This testimony, along with the undisputed fact that the foreclosure actually occurred in September 2013 – *in addition to* the fact that Plaintiff continued to challenge the foreclosure through December 2013 – confirms the following: (1) Plaintiff was aware that the modification had not been implemented per the Offer before the foreclosure suit ended; and (2) Plaintiff was aware of the allegations supporting her present KCPA claims at the time that the underlying foreclosure suit was pending.  Indeed, Plaintiff was aware of the KCPA allegations as soon as a foreclosure judgment was entered against her, and certainly by the time that the Property was sold in September 2013.  Plaintiff therefore could have and should have asserted KCPA claims in Sedgwick County District Court as a counterclaim to the underlying foreclosure suit.

Accordingly, since Ocwen did not learn of these supporting facts until August 2016, Ocwen could not have included the proposed affirmative defense at the time it filed its original Answer to the Complaint in December 2015.  Furthermore, once Ocwen learned of the deposition testimony, Ocwen filed this motion for leave of Court to amend the Answer.  Ocwen acted based on newly-discovered evidence, and the Court should grant Ocwen's Motion.

1233132.1

**C.     Amendment Will Not Prejudice Plaintiff.**

The final reason why the Court should grant Ocwen leave to file the Amended Answer is that the proposed affirmative defense relate to the same transaction and occurrence that are at issue in the underlying lawsuit and therefore amendment will not prejudice any party or delay the case.  The defense relates directly to the very transaction that is the subject of this underlying suit (the Offer) and therefore Plaintiff has had every right to conduct discovery as it pertains to *res judicata*/collateral estoppel.  Such facts likely are already in Plaintiff's possession as they relate to her actions to defend the foreclosure suit.  Thus, the proposed affirmative defense relates to the very same matters that the parties have already been litigating and no prejudice would arise as a result of leave to amend.

## III.     CONCLUSION

For the reasons explained above, the Court should grant Ocwen leave to file the Amended Answer attached as Exhibit A to this memorandum.

6

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Jonathon D. Nicol
    Jennifer A. Donnelli    KS #19445
    Jonathon D. Nicol    KS #26588
    1200 Main Street, Suite 3800
    Kansas City, MO  64105
    Telephone:  (816) 374-3200
    Facsimile:   (816) 374-3300
    jadonnelli@bryancave.com
    jonathon.nicol@bryancave.com

and

    Eric D. Martin    KS #25696
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, MO  63102
    Telephone: (314) 259-2000
    Facsimile: (314) 259-2020
    eric.martin@bryancave.com

ATTORNEYS FOR DEFENDANT OCWEN LOAN SERVICING, LLC

**CERTIFICATE OF SERVICE**

This certifies that on this 6th day of December, 2016, the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Jonathon D. Nicol
Attorney for Defendant