## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LATA TOMLINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-cv-01105-EFM-KGG |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER

Defendant Ocwen Loan Servicing, LLC ("Ocwen") states and alleges the following for its Amended Answer to the Petition filed by Plaintiff Lata L. Tomlinson ("Plaintiff"):

### THE PARTIES

1.      Ocwen states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 1 and, therefore, denies the same.

2.      Ocwen admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Florida. Ocwen denies the remainder of the allegations in Paragraph 2 of Plaintiff's Petition.

### JURISDICTION AND VENUE

3.      Ocwen admits that this Court has subject matter jurisdiction of this case.

4.      Ocwen admits that venue is proper in this Court.

### BACKGROUND

5.      In response to the allegations of Paragraph 5 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

1239783.1\0382947

6.      In response to the allegations of Paragraph 6 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

7.      In response to the allegations of Paragraph 7 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

8.      In response to the allegations of Paragraph 8 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

9.      In response to the allegations of Paragraph 9 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

10.      In response to the allegations of Paragraph 10 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

11.      Ocwen lacks sufficient knowledge to answer the allegations of Paragraph 11 of Plaintiff's Petition and therefore deny the same.

12.     Ocwen lacks sufficient knowledge to answer the allegations of Paragraph 12 of Plaintiff's Petition and therefore deny the same.

13.     In response to the allegations of Paragraph 13 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

14.     In response to the allegations of Paragraph 14 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

15.     Ocwen lacks sufficient knowledge to answer the allegations of Paragraph 15 of Plaintiff's Petition and therefore deny the same.

16.     In response to the allegations of Paragraph 16 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

17.     In response to the allegations of Paragraph 17 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

18.     In response to the allegations of Paragraph 18 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves.

Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

## COUNT I – DECEPTIVE ACTS UNDER THE KANSAS CONSUMER PROTECTION ACT LOAN  MODIFICATION OFFERS IN JUNE 2012 AND APRIL 2013

19-27.  The Court has dismissed this claim (Dkt. No. 13) and no response from Ocwen is required to a dismissed claim.

## COUNT II – DECEPTIVE ACTS UNDER THE KANSAS CONSUMER PROTECTION ACT THE SHARED APPRECIATION MODIFICATION AGREEMENT

28.     Ocwen hereby incorporates its responses to paragraphs 1-27 by this reference, as if fully set forth herein.

29.     In response to the allegations of Paragraph 29 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

30.     In response to the allegations of Paragraph 30 of Plaintiff's Petition, Ocwen states that the allegations are based on one or more written document(s) that speak for themselves. Ocwen denies any characterizations of mischaracterizations of the written document(s), which are their own best evidence.

31.     Ocwen denies the allegations of Paragraph 31 of Plaintiff's Petition.

32.     Ocwen denies the allegations of Paragraph 32 of Plaintiff's Petition.

33.     Ocwen denies the allegations of Paragraph 33 of Plaintiff's Petition.

## COUNT III – UNCONSCIONABLE ACTS UNDER THE KANSAS CONSUMER

## PROTECTION ACT OCWEN'S ISSUANCE OF 1099-C

34-40. The Court has dismissed this claim (Dkt. No. 13) and no response from Ocwen is required to a dismissed claim.

## COUNT IV – UNCONSCIONABLE ACTS UNDER THE KANSAS CONSUMER PROTECTION ACT NO MATERIAL BENEFIT FROM ANY TRANSACTION WITH OCWEN

41.     Ocwen hereby incorporates its responses to paragraphs 1-40 by this reference, as if fully set forth herein.

42.     Ocwen lacks sufficient knowledge to answer the allegations of Paragraph 42 of Plaintiff's Petition and therefore deny the same.

43.     Ocwen denies the allegations of Paragraph 43 of Plaintiff's Petition.

44.     Ocwen denies the allegations of Paragraph 44 of Plaintiff's Petition.

45.     Ocwen denies the allegations of Paragraph 45 of Plaintiff's Petition.

## COUNT V DECLARATORY JUDGMENT

46-54. The Court has dismissed this claim (Dkt. No. 13) and no response from Ocwen is required to a dismissed claim.

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSE NO. 1

Plaintiff's Petition fails to state a claim upon which relief can be granted. Ocwen incorporates herein its briefing submitted in connection with its Motion To Dismiss (Dkt. No. 6).

<u>AFFIRMATIVE DEFENSE NO. 2</u>

Although Ocwen denies any responsibility or fault with respect to Plaintiff's claims for damages, if Ocwen is found in any respect liable, then Plaintiff's own contributory negligence, fault, or responsibility must be compared to that of Ocwen and/or any other responsible party.

<u>AFFIRMATIVE DEFENSE NO. 3</u>

The damages sustained by Plaintiff, if any, were solely caused by Plaintiff's own conduct or the conduct of others over whom Ocwen had no control and for which Ocwen cannot be liable.

<u>AFFIRMATIVE DEFENSE NO. 4</u>

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, failure to mitigate damages, consent, acquiescence, and laches.

<u>AFFIRMATIVE DEFENSE NO. 5</u>

Plaintiff's claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

<u>AFFIRMATIVE DEFENSE NO. 6</u>

Plaintiff is barred from the relief sought due to a prior breach of contract in that Plaintiff failed to make full payment under the terms of the Note and Deed of Trust upon which Plaintiff now bases her claims against Ocwen.

<u>AFFIRMATIVE DEFENSE NO. 7</u>

Plaintiff's claims are barred because any actions taken by Ocwen were taken in good faith to protect its valid business interest.

## AFFIRMATIVE DEFENSE NO. 8

Ocwen never employed conduct that was intentional, willful, wanton, or malicious, and never showed a complete indifference to or a conscious disregard of any rights such that Ocwen would be liable for punitive damages.

## AFFIRMATIVE DEFENSE NO. 9

Plaintiff's claims are barred by the applicable statute of limitations.

## AFFIRMATIVE DEFENSE NO. 10

Plaintiff's claim for punitive damages is unconstitutional as it is in violation of Ocwen's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Kansas, and amount to a fine and/or penalty against Ocwen and should be dismissed.

## AFFIRMATIVE DEFENSE NO. 11

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff did not suffer actual damages.

## AFFIRMATIVE DEFENSE NO. 12

Plaintiff's claims are barred by the Kansas Statute of Frauds, K.S.A. 16-118(a), in that Plaintiff seeks to enforce an alleged agreement not signed by Ocwen or US Bank.

## AFFIRMATIVE DEFENSE NO. 13

Plaintiff cannot present sufficient evidence to establish that the conditions precedent to formation of an enforceable contract between the parties for a permanent modification of the mortgage loan occurred.

## AFFIRMATIVE DEFENSE NO. 14

Plaintiff is barred from relief sought due to a failure of consideration.

<u>AFFIRMATIVE DEFENSE NO. 15</u>

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

Further answering, Ocwen reserves the right to assert additional defenses as this matter progresses.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Ocwen Loan Servicing, LLC prays Counts II and IV of Plaintiff's Petition be dismissed hence with their costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By:  /s/ Jonathon D. Nicol
    Jennifer A. Donnelli        KS #19445
    Jonathon D. Nicol         KS #26588
    One Kansas City Place
    1200 Main Street, Suite 3800
    Kansas City, MO  64105
    Telephone:  (816) 374-3200
    Facsimile:   (816) 374-3300
    jadonnelli@bryancave.com
    jonathon.nicol@bryancave.com

    Eric D. Martin           KS #25696
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, MO  63102
    Telephone: (314) 259-2000
    Facsimile: (314) 259-2020
    eric.martin@bryancave.com

    ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on December 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jonathon D. Nicol
Attorney for Defendant
