HINKLE LAW FIRM, LLC
1617 N. Waterfront Pkwy, Suite 400
Wichita, Kansas 67206-6639
(316) 267-2000 / (316) 264-1518, facsimile

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

LATA TOMLINSON,

               *Plaintiff*,

v.

OCWEN LOAN SERVICING, LLC,

               *Defendant*.

Case No. 6:15-cv-01105-EFM-KGG

## PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS

COMES NOW plaintiff Lata Tomlinson ("Tomlinson"), by and through her attorney Nicholas R. Grillot of Hinkle Law Firm LLC, and give notice of the following Proposed Jury Instructions:

1.    Kan. PIK Civil 4th – 101.12 Instruction for Impaneled Jurors

2.    Kan. PIK Civil 4th – 101.30 Recess Instructions

3.    Kan. PIK Civil 4th – 102.10 Meaning of Burden of Proof

4.    Kan. PIK Civil 4th – 129.01–A Deceptive Acts or Practices – Consumer Not Misled

5.    Kan. PIK Civil 4th – 171.40 Measure of Damages – Personal (Short Form)

6.    3 Fed. Jury Prac. & Instr. § 128:02 (6th ed.)

Case 6:15-cv-01105-EFM   Document 93   Filed 01/19/18   Page 2 of 15

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 2

    7.       3 Fed. Jury Prac. & Instr. § 128:03 (6th ed.)

    8.       PIK Civil 4th – 181.03-A Verdict Form – Special Verdict

Tomlinson understands and acknowledges that Court will provide its stock instructions to the jurors and pursuant to the Court's Trial Order Tomlinson has not included the Court's stock instructions in her Proposed Jury Instructions (except for one proposed modification). However, to the extent it is necessary, Tomlinson requests the Court give the following stock instructions:

    9.       Court's Stock Instruction p.2

    10.     Court's Stock Instruction p. 3

    11.     Court's Stock Instruction p. 4

    12.     Court's Stock Instruction p. 6

    13.     Court's Stock Instruction p. 7

    14.     Court's Stock Instruction p. 8

    15.     Court's Stock Instruction p. 13

    16.     Court's Stock Instruction p. 17

    17.     Court's Stock Instruction p. 20

    18.     Court's Stock Instruction p. 21

    19.     Court's Stock Instruction p. 22

    20.     Court's Stock Instruction p. 23

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 3
21. Court's Stock Instruction p. 24

22. Court's Stock Instruction p. 25

      RESPECTFULLY SUBMITTED,

      HINKLE LAW FIRM LLC

      /s/ Nicholas R. Grillot
      Nicholas R. Grillot, #22054
      1617 N. Waterfront Pkwy, Suite 400
      Wichita, Kansas 67206-6639
      (316) 660-6211 / (316) 660-6523, fax
      ngrillot@hinklaw.com
      *Attorneys for Plaintiff Lata Tomlinson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2018, a true and correct copy of the foregoing was filed electronically with the U.S. District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and a copy was sent by e-mail to the following:

Jonathon D. Nicol
Jennifer A. Donnelli
BRYAN CAVE LLP
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
jonathon.nicol@bryancave.com
jadonnelli@bryancave.com

Eric D. Martin
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
eric.martin@bryancave.com

      /s/ Tammy Hohstadt
      Tammy Hohstadt, PLS
      Legal Assistant to Nicholas R. Grillot

INSTRUCTION NO. \_\_\_\_

Now that you have been chosen as jurors for this trial, you are required to decide this case based solely on the evidence and the exhibits that you see and hear in this courtroom. At the end of the case, I will give you instructions about the law that you must apply, and you will be asked to use that law, together with the evidence you have heard, to reach a verdict. In order for your verdict to be fair, you must not be exposed to any other information about the case, the law, or any of the issues involved in this trial during the course of your jury duty. This is very important, and so I want to give you some very detailed explanations about what you should do and not do while you are jurors.

First, you must not try to get information from any other source other than what you see and hear in this courtroom. This means you may not speak to anyone, including your family or friends about this case. You may not use any printed or electronic sources to get information about this case or any of the issues involved. These sources include the internet, reference books, dictionaries, newspapers, magazines, television, radio, computers, Blackberries, iPhones, Smartphones, PDAs, or any other electronic device. You must not do any personal investigation about the issues including visiting any of the places involved in this case, or use Internet maps or Google Earth to examine the scene. You cannot talk to any possible witnesses, or create your own demonstrations or reenactments of the events which are the subject of this case.

Second, you must not communicate with anyone about this case or your jury service, and you must not allow anyone to communicate with you. In particular, you may not talk about the case by using cell phones, emails, text messages, tweets, blogs, chat rooms, comments or other postings on Facebook, MySpace, LinkedIn, or any other social website. You must not communicate with anyone else in this fashion, including your family members, your employer, and the people involved in the trial. You may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached by anyone, in any way, about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and then report the contact to the court as soon as possible.

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 5

The court recognizes that these rules and restrictions may affect activities that you would consider to be normal and harmless. I assure you that I am very much aware that I am asking you to refrain from activities that may be very common and very important in your daily lives. However, the law requires these restrictions to ensure the parties have a fair trial based on the evidence that each party has had an opportunity to produce and discuss. If one or more of you were to get additional information from an outside source, that information might be inaccurate or incomplete, or for some other reason not applicable to this case, and the parties would not have a chance to explain or contradict that information because they wouldn't know about it. That is why it is so important that you base your verdict only on information you receive in this courtroom.

You must not engage in any activity, or be exposed to any information, that might unfairly affect the outcome of this case. Any juror who violates these restrictions I have explained to you jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. As you can imagine, a mistrial is a tremendous expense and inconvenience to the parties, the court and the taxpayers. If any juror is exposed to any outside information, or has any difficulty whatsoever in following these instructions, please notify the court immediately. If any juror becomes aware that one of your fellow jurors has done something that violates these instructions, you are obligated to report that to the court as well. If anyone tries to contact you about the case, either directly or indirectly, or sends you any information about the case, please report this promptly as well.

These restrictions must remain in effect throughout this trial. Once the trial is over, you may resume your normal activities. At this point, you will be free to read or research anything you wish. You will be able to speak – or choose not to speak – about the trial to anyone you wish. You may write, text, post, or tweet about the case if you choose to do so. The only limitation is that you must wait until after the verdict, when you have been discharged from your jury service.

PIK Civil 4th – 101.12 Instruction for Impaneled Jurors

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 6

## INSTRUCTION NO. \_\_\_\_

During this recess you will please not confer about this case with any other person nor allow any other person to discuss the case with you. You will please not express any opinion about the case or form any fixed opinion until the case is finally submitted to you.

PIK Civil 4th – 101.30 Recess Instructions

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 7

## INSTRUCTION NO. _____

Burden of proof means burden of persuasion. A party who has the burden to prove a claim must persuade you that the claim is more probably true than not true. In deciding whether this burden has been met, you must consider all the admitted evidence, whether presented by the plaintiff or the defendant.

PIK Civil 4th – 102.10 Meaning of Burden of Proof

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 8

## INSTRUCTION NO. ___

An act may constitute a deceptive act or practice whether or not the consumer has in fact been misled.


PIK Civil 4th – 129.01 – A  Deceptive Acts or Practices – Consumer Not Misled

INSTRUCTION NO. \_\_\_\_

If you find for Plaintiff Lata Tomlinson, then you should award her the sum you find will fairly and justly compensate Plaintiff Lata Tomlinson for the injuries and damages you find were sustained as a result of the occurrence complained of by her.

PIK Civil 4th – 171.40 Measure of Damages – Personal (Short Form)

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 10

INSTRUCTION NO. _____

If you find for plaintiff, you should compensate plaintiff for any resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life experienced in the past that you find was reasonably caused by defendant's actions and any resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life experienced that you find plaintiff is reasonably certain to suffer in the future as a result of defendant's actions. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced.

In that respect it is not value you are trying to determine, but an amount that will fairly compensate plaintiff for the damages plaintiff has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

3 Fed. Jury Prac. & Instr. § 128:02 (6th ed.)(modified)

### A.   Specific Statement of Modification

Pursuant to D. Kan. LR 5.1(b)(4), below are the modifications made by Tomlinson's counsel to the standard instruction:

INSTRUCTION NO. 

If you find for plaintiff, you should compensate plaintiff for ~~any bodily injury and~~ any resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life experienced in the past <u>that you find was reasonably caused by defendant's actions</u> and <u>any resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life experienced</u> that you find ~~from the evidence that the~~ plaintiff is reasonably certain to suffer in the future ~~from the injury in question~~ <u>as a result of defendant's actions</u>. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced.

Case 6:15-cv-01105-EFM   Document 93   Filed 01/19/18   Page 11 of 15

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 11

In that respect it is not value you are trying to determine, but an amount that will fairly compensate plaintiff for the damages plaintiff has suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.

3 Fed. Jury Prac. & Instr. § 128:02 (6th ed.)

### B.      Authority to Support Modification

Tomlinson's authority for the modification is more fully set forth in her response to Ocwen's Motion *in Limine* No. 1 and that response is incorporated by reference. More specifically, however, KAN. STAT. ANN. § 50-634(b) allows an aggrieved consumer to recover for "damages" the consumer suffered as a result of the violation of the Kansas Consumer Protection Act.

Moreover, there is no requirement in the statute that Tomlinson provide actual physical injury to recover emotional distress damages. And while there does not appear any Kansas court has ruled on this specific issues, several other jurisdiction have found emotional distress damages can be recovered without physical injury when interpreting similar language in other consumer-protection statutes. *See Villanueva v. Account Discovery Systems, LLC*, 77 F.Supp.3d 1058, 1076-77 (D. Colo. 2015)(FDCPA); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 296-7 (5th Cir. 1993)(FCRA); *McGrady v. Nissan Motor Acceptance Corp.*, 40 F.Supp.2d 1323, 1337-38

(M.D. Ala. 1988)(FDCPA) *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1991)(same).

It is for these reasons that the instruction was modified to eliminate reference to physical injury as a component of this instruction.

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED JURY INSTRUCTIONS
Page | 13

# INSTRUCTION NO. ___

If you find for plaintiff, you should compensate plaintiff for any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such injury. If you find there was such an aggravation, you should determine, if you can, what portion of plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said plaintiff's condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.


3 Fed. Jury Prac. & Instr. § 128:03 (6th ed.)

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

LATA TOMLINSON,

     *Plaintiff*,

v.            Case No. 6:15-cv-01105-EFM-KGG

OCWEN LOAN SERVICING, LLC,

     *Defendant*.

## **VERDICT**

We, the jury, present the following answers to the questions submitted by the Court:

## **VERDICT FORM**

1. Do you find it more probably true than not that Defendant's representation to Plaintiff that it would modify Plaintiff's Note and Mortgage with its Shared Appreciation Modification Offer was false because the Note and Mortgage were not modified after Plaintiff actually performed each of the following actions:

  a. Plaintiff submitted the signed Shared Appreciation Modification Offer to defendant by July 1, 2013;

  b. Plaintiff submitted the first trial payment of $782.45 to defendant by July 1, 2013; and

In the United States District Court for the District of Kansas
*Lata Tomlinson v. Ocwen Loan Servicing, LLC*
Case No. 6:15-cv-01105-EFM-KGG
PLAINTIFF LATA TOMLINSON'S PROPOSED VERDICT FORM
P a g e | 2

    c.    Plaintiff submitted the second trial payment of $782.45 to defendant by August 1, 2013?

Yes_____        No_____

*If you answered "Yes" to this Question, please proceed to Question 2. If you answered "No" to this Question, the Presiding Juror needs to sign the verdict below and notify the bailiff that you have reached a verdict. You do not have to answer Question 2.*

    2.    What amount of damages do you award for plaintiff?

        a.  Compensatory or Out-of-Pocket    $ _____.

        b.  Emotional Distress    $ _____.

        TOTAL DAMAGES    $ _____.

*After you answer this Question, the Presiding Juror needs to sign the verdict below and notify the bailiff that you have reached a verdict.*

**Agreement by the jurors on the above verdict was unanimous.**

**Yes** _____        **No** _____

                                          _____
                                          Presiding Juror

PIK Civil 4th – 181.03-A Verdict Form – Special Verdict